Filed: November 4, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-4701
(CR-96-21-A)

United States of America,

Plaintiff - Appellee,

versus

Bryant Pierre Boone, a/k/a Ice,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed October 22, 1997, as follows:

On the cover sheet, section 3, line 4 -- the district court number is corrected to read "CR-96-21-A."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4701

BRYANT PIERRE BOONE, a/k/a Ice,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-21-A)

Submitted: October 7, 1997

Decided: October 22, 1997

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Raymond D. Kline, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, James D. Villa, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bryant Pierre Boone was convicted, following a jury trial, of conspiring to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (1994). On appeal, Boone argues that the evidence adduced at trial failed to establish that he was involved in a conspiracy to distribute cocaine. Boone further contends that the trial court erred in failing to grant his motion for acquittal because the evidence was all circumstantial and consisted primarily of the testimony of "impeached" coconspirators. We affirm.

We review a denial of a motion for acquittal under a sufficiency of evidence standard.[1] To sustain a conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt.[2] All reasonable inferences from the facts established to those sought to be established may be made.[3]

The Government must establish the following elements to prove conspiracy to distribute and to possess with intent to distribute drugs: (1) agreement between two or more persons, tacit or express, to distribute and to possess with intent to distribute drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant knowingly and voluntarily became a part of the conspiracy.[4] We recognize that evidence of a buyer-seller relationship is relevant to the question of whether a conspiratorial relationship exists. [5] In addition, evidence

_____

[1] See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992).

[2] See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); Glasser v. United States, 315 U.S. 60, 80 (1942).

[3] See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

[4] See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (stating that circumstantial evidence may be used to prove knowledge and participation).

[5] See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (holding that "evidence of a buy-sell transaction, when coupled with a substantial quantity of drugs, would support a reasonable inference that the parties were coconspirators.").

of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs.**6** In this case, the government presented testimony showing that Boone was a participant in the drug conspiracy and that Boone sold substantial quantities of cocaine on several occasions.

The evidence at trial primarily consisted of coconspirator James William Hicks's testimony that he purchased approximately twenty kilograms of cocaine from Boone on numerous occasions. On the evening of Boone's arrest, Hicks had arranged to sell an undercover officer sixteen ounces of cocaine, identifying Boone as the supplier of the drugs. That night, Boone was seen talking with Hicks and was later in the area where Hicks and coconspirator Daniel Metzger were arrested; Boone attempted to flee when the undercover officer identified himself. Metzger testified that Boone supplied him and others with both powder and crack cocaine.

An unindicted coconspirator, Brandy Farr, testified that she had known Boone since 1993 as a source from whom Hicks had purchased cocaine. Farr witnessed at least one of these transactions in her home and personally purchased cocaine from Boone. Another coconspirator, Dennis Thompson, testified that he observed numerous occasions on which Boone sold cocaine to Hicks. Thompson also personally received between three and four kilograms of cocaine from Boone through Hicks. All coconspirators similarly testified about the manner in which Boone conducted business--including the method of contacting Boone via his pager and the usual locations of the transactions.

We conclude that the evidence of repeated transactions involving substantial quantities of drugs was sufficient to show that Boone was involved in more than a mere buyer-seller relationship.**7** Further, we find that, viewing the evidence of the continuing relationship and repeated transactions in the light most favorable to the Government,

_____

**6** See Burgos, 94 F.3d at 858; Mills, 995 F.2d at 485 n.1.

**7** See Mills, 995 F.2d at 485 n.1.

3

any rational trier of fact could find Boone guilty, beyond a reasonable doubt, of conspiracy to distribute and distribution. **8**

While Boone argues that the government's evidence consisted exclusively of testimony by coconspirators-defendants that was self-interested and therefore unreliable, such an argument is unavailing. Boone had every opportunity to challenge the criminal histories, biases, and motivations of the government's witnesses during cross-examination and argument. The jury found the government's evidence believable and the jury's decision on the credibility of witnesses is not reviewable by this court.**9**

Accordingly, we affirm Boone's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**8** See Glasser, 315 U.S. at 80; Burgos, 94 F.3d at 858.

**9** United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).